UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EMPOWER OVERSIGHT )
WHISTLEBLOWERS & RESEARCH, )
2615 Columbia Pike, #445 )
Arlington, VA 22204 )
)
)
        Plaintiff, )
) Case No. _____
v. )
)
NATIONAL INSTITUTES OF HEALTH, )
9000 Rockville Pike )
Bethesda, MD 20892 )
)
        Defendant. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Empower Oversight Whistleblowers & Research (hereinafter "Empower Oversight") brings this action against Defendant National Institutes of Health ("NIH") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ( "FOIA"), including obtaining access to records maintained by the NIH.

2. The records at issue, including but not limited to communications to and from NIH, relate to SARS-CoV-2 sequences submitted by a Chinese researcher for posting to the Sequence Read Archive ("SRA") in March 2020 and subsequently withdrawn by the NIH upon the researcher's request to SRA staff in June 2020. *See infra* ¶¶ 4-7.

3. On June 18, 2021, Dr. Jesse D. Bloom of the Fred Hutchen Cancer Research Center published an article titled "Recovery of deleted deep sequencing data sheds more light on the early Wuhan SARS-CoV-2 epidemic." Jesse Bloom, *Recovery of deleted deep sequencing data sheds*

1

*more light on the early Wuhan SARS-CoV-2 epidemic*, bioRxiv (June 18, 2021), https://www.biorxiv.org/content/10.1101/2021.06.18.449051v1.full.pdf.

4. Dr. Bloom explained that in reviewing a March 2020 Wuhan University-associated study containing a spreadsheet with information on 241 genetic sequences from the SRA, his own searches for these sequences indicated that they were deleted from the SRA. *See id*. Nevertheless, he was able to recover certain deleted files from Google Cloud and reconstruct partial sequences of 13 early viruses. *See id*.

5. Dr. Bloom reasoned that "[t]he fact that such an informative data set was deleted has implications beyond those gleaned directly from the recovered sequences," and that it "therefore seems likely the sequences were deleted to obscure their existence." *Id*. at 7.

6. A June 23, 2021 New York Times article, among numerous others, heightened the national focus on Dr. Bloom's conclusions, reporting that he provided "intriguing new information for discerning when and how the virus may have spilled over from a bat or another animal into humans" and that it "raise[s] questions about why original sequences were deleted." *See* Carl Zimmer, *Scientist Finds Early Virus Sequences That Had Been Mysteriously Deleted*, N.Y.T. (June 23, 2021) (updated July 22, 2021), *available at* https://www.nytimes.com/2021/06/23/science/coronavirus-sequences.html.

7. The New York Times article revealed that, in fact, more than 200 data entries from the genetic sequencing of early COVID-19 cases disappeared from an online scientific database in the summer of 2020. *See id*. The article included confirmation by the National Library of Medicine within the NIH, which manages the SRA, that these sequences were "submitted for posting in SRA in March 2020 and subsequently requested to be withdrawn by the submitting investigator in June 2020." *See id*.

8. However, deletions from the SRA are reportedly rare. From March 2020 to March 2021, the SRA repeatedly received approximately 2.4 million submissions of sequence data, according to the NCBI spokeswoman. However, a *mere 0.19%* were withdrawn. *See* Amy Dockser Marcus & Drew Hinshaw, *After Covid-19 Data Is Deleted, NIH Reviews How Its Gene Archive Is Handled*, WALL ST. J. (Sept. 13, 2021), *available at* https://www.wsj.com/articles/after-covid-19-data-is-deleted-nih-reviews-how-its-gene-archive-is-handled-11631545490.

9. On June 28, 2021, Senators Grassley, Blackburn, and Marshall sent the NIH a letter seeking records and responses to questions regarding the removal of the sequences from the SRA. Letter from Sen. Grassley et al. to Francis S. Collins, June 28, 2021. The same Senators sent a follow-up letter on September 16, 2021, reiterating their requests. Letter from Sen. Grassley et al. to Francis S. Collins, Sept. 16, 2021.

10. According to the Centers for Disease Control and Prevention ("CDC"), as of November 6, 2021, over 756,000 deaths—and counting—have been attributed to COVID-19 in the United States alone. *See COVID-19 Mortality Overview*, CDC (last accessed Nov. 16, 2021), *available at* https://www.cdc.gov/nchs/covid19/mortality-overview.htm. Yet, upon information and belief, there is no global consensus on the origin of the COVID-19 pandemic.

11. The public thus has a significant interest in understanding the reason why these early sequences were removed from the SRA. In recognizing this significant interest, Empower Oversight filed the three FOIA Requests described herein.

**JURISDICTION AND VENUE**

12. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

13. Venue is proper in this district and division pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

14. Plaintiff Empower Oversight is a nonprofit, nonpartisan educational organization dedicated to enhancing independent oversight of government and corporate wrongdoing. Empower Oversight has its principal place of business located at 2615 Columbia Pike, #445, Arlington, VA 22204.  Empower Oversight works to help insiders safely and legally report waste, fraud, abuse, corruption, and misconduct to the proper authorities, as well as work to hold authorities accountable to act on such reports.

15. Defendant NIH is an agency within the U.S. Department of Health and Human Services, and a federal administrative agency within the meaning of 5 U.S.C. § 552(f)(1), with its principal place of business located at 9000 Rockville Pike, Bethesda, MD 20892.  Upon information and belief, the NIH has possession, custody, and control of the records, within the meaning of 5 U.S.C. § 552(f)(2), to which Empower Oversight seeks access.

## LEGAL STANDARD

16. FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A); *see also* 45 C.F.R. § 5.22.

17. FOIA requires an agency to respond to a valid request within twenty (20) days (exempting Saturdays, Sundays, and legal public holidays) (hereinafter "working days") upon receipt of such request, including notifying the requestor immediately of its determination, the

reasons therefor, and the right to appeal any adverse determination.  5 U.S.C. § 552(a)(6)(A)(i); *see also* 45 C.F.R. §§ 5.24, 5.28.

18. In certain circumstances, an agency may instead provide notice to the requester that "unusual circumstances" merit additional time—up to an additional ten (10) working days—to respond to the request.   5 U.S.C. § 552(a)(4)(viii)(II)(aa); *see also* 45 C.F.R. § 5.24(f).  In the event the agency provides notice to the requester of "unusual circumstances," and that it is not able to respond to the records request within the statutory deadline, the agency must provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request."  5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

19. If an agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review.  5 U.S.C. § 552(a)(6)(C)(i).

## FACTS

20. On July 14, 2021, Empower Oversight submitted a FOIA request to the NIH, *see* Ex. A, seeking access to the following:

    a. All communications regarding the request to post the SARs-CoV-2 sequences to the Sequence Read Archive in March 2020.  This request covers all communications between March 1, 2020 to March 31, 2020.

    b. All communications regarding the request to withdraw the SARS-CoV-2 sequences from Sequence Read Archive in June 2020.  This request covers all communications between June 1, 2020 to June 31, 2020.

    c. All communications regarding these withdrawn sequences as reported by a preprint titled "Recovery of deleted deep sequencing data sheds more light on the early Wuhan SARS-CoV-2 epidemic" by Jesse Bloom, a virologist at the Fred Hutchinson Cancer Research Center.  This request covers all communications between Jesse Bloom and the NIH, from January 1, 2021 and the present.  This request covers all communications inside the NIH regarding the preprint from June 21, 2021 to the present.

d. All communications to, from, and within the NIH press office about the NIH statement released on June 23, 2021, and about reports that these sequences were removed from the Sequence Read Archive. This includes all emails related to the drafting of the statement, communications about the reported removal, and communications with reporters. This request covers all communications between June 21, 2021 to June 25, 2021.

21. On September 30, 2021, Plaintiff submitted two additional FOIA Requests to the NIH. In one September 30, 2021 Request, *see* Ex. B, Plaintiff sought access to and copies of:

a. All communications regarding the letter by Senators Grassley and Blackburn dated June 28, 2021.

b. All communications regarding the NIH's response to Senators Grassley and Blackburn dated September 8, 2021.

c. All communications regarding the letter by Senators Grassley and Blackburn dated September 16, 2021.

22. In the other September 30, 2021 Request, *see* Ex. C, Plaintiff requested a copy of the NIH's "log" of requests for records filed pursuant to the FOIA.

23. To date, Empower Oversight has yet to receive any correspondence whatsoever from Defendant concerning any of its three pending FOIA Requests (hereinafter the "Three Requests"), despite applicable regulations prescribing that the NIH, at a minimum, is required to acknowledge receipt of all FOIA requests in writing within 10 working days. *See* 45 C.F.R. § 5.24; see also 45 C.F.R. § 5.4 (explaining that all operating divisions ("OpDivs") of HHS are subject to the requirements in that regulation); 45 C.F.R. § 5.3 (defining NIH as an OpDiv of HHS).

24. However, to date, Empower Oversight's account on the NIH's online FOIA portal shows:

a. A Request 56712 as having been filed by Empower Oversight on July 15, 2021. The "Description" of Request 56712 matches the four enumerated items on

Empower Oversight's July 14, 2021 Request, and the details of Request 56712 include an embedded link to a copy of Empower Oversight's request. Therefore, upon information and belief, the responsible FOIA officer "received" that July 14, 2021 Request on or before July 15, 2021.

b. A Request 57151 as having been filed by Empower Oversight on October 7, 2021. The "Description" of Request 57151 matches the substance of one of Empower Oversight's September 30, 2021 Requests, and the details of Request 57151 include an embedded link to a copy of Empower Oversight's request. Therefore, upon information and belief, the responsible FOIA officer "received" that September 30, 2021 Request on or before October 7, 2021.

c. A Request 57199 as having been filed by Empower Oversight on October 14, 2021. The "Description" of Request 57199 matches the substance of Empower Oversight's other September 30, 2021 Request, and the details of Request 57199 include an embedded link to a copy of Empower Oversight's September 30, 2021 Request. Therefore, upon information and belief, the responsible FOIA officer "received" that September 30, 2021 Request on or before October 14, 2021.

25. To date, the NIH has not provided a determination as to Request 56712, 57151, or 57199, despite the requirement of 5 U.S.C. § 552(a)(6)(A) that an agency respond within twenty (20) working days, including by providing detail on the scope of the records the agency intends to produce or withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

26. To date, the NIH also has not provided Empower Oversight notice that "unusual circumstances" warrant a failure to comply with the statutory deadline with respect to any of the Three Requests.

27. Empower Oversight has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### Count I
### Failure to Comply with Statutory Deadlines in Violation of FOIA, 5 U.S.C. § 552(a)(6)

28. Plaintiff realleges and incorporates by reference each of the foregoing allegations, contained in paragraphs 1-27, as if fully set forth herein.

29. To date, Defendant has failed to respond – timely or otherwise - to each of Plaintiff's Three Requests identified above in paragraphs 20-22.

30. More than 20 working days have passed since each of the Three Requests were received by the NIH as reflected on its online FOIA portal.

31. FOIA requires Defendant to have provided a final determination within 20 working days of each of the Three Requests. Defendant may extend this 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), for a maximum of 10 working days, but must provide Empower Oversight with notice to do so. *See* 5 U.S.C. §§ 552(a)(4)(A)(viii)(II)(aa), 552(a)(6)(B)(ii).

32. Defendant did not provide a final determination within 20 working days of each of the Three Requests, nor did it contact Empower Oversight with a claim that unusual circumstances exist as to any of the Three Requests.

33. The NIH has thus failed to timely make a determination on all Three Requests, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6).

34. Empower Oversight has constructively exhausted all administrative remedies required by FOIA as to each of the Three Requests. *See* 5 U.S.C. § 552(a)(6)(C)(i).

35. Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA as to each of the Three Requests.

## Count II
### Unlawful Withholding of Agency Records in Violation of FOIA, 5 U.S.C. § 552(a)(3)

36. Plaintiff realleges and incorporates by reference each of the foregoing allegations, contained in paragraphs 1-35, as if fully set forth herein.

37. FOIA requires Defendant to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(B).

38. However, Defendant has neither provided Empower Oversight any responsive documents in response to any of its Three Requests, nor has it claimed that any responsive records are exempt from disclosure.

39. Therefore, the NIH's acts and omissions for failing to produce records or claim applicable exemptions violate FOIA. 5 U.S.C. § 552(a)(3)(B).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Court:

A. Declare that NIH failed to make timely determinations on each of Empower Oversight's Three Requests, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B. Declare that NIH failed to promptly provide records responsive to each of Empower Oversight's Three Requests, in violation of FOIA, 5 U.S.C. § 552(a)(3);

C. Order NIH to immediately conduct a reasonable search for all responsive records, as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D. Order NIH to immediately provide determinations on each of Empower Oversight's Three Requests, as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

E. Order NIH to promptly disclose to Empower Oversight all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

F. Award Empower Oversight its costs and reasonable attorneys' fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other relief as the Court may deem just and proper.

November 17, 2021                                       Respectfully submitted,

/s/ Michael J. Schrier
Michael J. Schrier (VSB #65916)
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, DC 20006-4675
Tel. 202-378-2313
Fax 202-378-2319
michael.schrier@huschblackwell.com

Scott L. Glabe
HUSCH BLACKWELL  LLP
235 E. High St., Suite 300
Jefferson City, MO 65101
Tel. 202-378-2396
Fax 292-378-2319
scott.glabe@huschblackwell.com

*Attorneys for Plaintiff Empower Oversight Whistleblowers & Research*