IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:21-cv-1275 (LMB/JFA) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE THE SCHEDULING ORDER AND FOR A BRIEFING SCHEDULE**

Defendant National Institutes of Health, through its undersigned counsel, hereby respectfully moves this Court to vacate its initial scheduling order (Dkt. 18) in this Freedom of Information Act ("FOIA") case and in its place set a briefing schedule on cross-motions for summary judgment. Plaintiff opposes this motion.

**BACKGROUND**

In this case, Plaintiff Empower Oversight Whistleblowers & Research seeks documents from the National Institutes of Health ("NIH"), based on three separate FOIA requests, one dated July 14, 2021, and the other two dated September 30, 2021. *See* Compl. (Dkt. 1) ¶¶ 20-22. Plaintiff filed suit in this Court on November 17, 2021, alleging failure to comply with the statutory deadlines (Count I) and unlawful withholding of agency records (Count II). *Id.* ¶¶ 28-39. At the time of filing the Complaint, Plaintiff had not received any responsive documents or been advised that any records were exempt from disclosure. *Id.* ¶ 38. NIH made its first production of responsive, non-privileged records on December 23, 2021. NIH completed its

1

search for responsive records and produced the non-privileged, responsive records to Plaintiff on February 7, 2022.

Plaintiff then amended its complaint to account for the fact that NIH had, in fact, produced responsive records.  Count I, failure to comply with the statutory deadlines, remained in the new Complaint.  Am. Compl. (Dkt. 16) ¶¶ 44-49.  Plaintiff added two new counts: failure to conduct a search reasonably calculated to locate all responsive records (Count II) and unlawful withholding of agency records under 5 U.S.C. 552(b)(5) and (b)(6) (Count III).  Id. ¶¶ 50-63.

On March 11, 2022, counsel for the parties met and conferred regarding a briefing schedule for cross-motions for summary judgment.  Counsel agreed that NIH would preview its forthcoming arguments on the adequacy of its search by providing Plaintiff's counsel with a declaration outlining the steps taken to locate responsive, non-exempt records as well as review the existing redactions to determine if there was any additional information that could be released.  Undersigned counsel could not make any representations about how long that would take during the meet and confer because agency counsel was out of office on March 11 and March 14, 2022.  Counsel for the parties agreed to discuss a briefing schedule once it became clear when NIH could provide a declaration.  Meanwhile, NIH answered the Amended Complaint on March 11, 2022 (Dkt. 17).

Before the parties could discuss a briefing schedule, this Court entered a Scheduling Order on March 16, 2022.  *See generally* Dkt. 18.  In that Order, the Court scheduled an initial pretrial conference for April 6, 2022, and a final pretrial conference for July 21, 2022, and declared that "[d]iscovery may begin upon receipt of this Order."  Id.

## ARGUMENT

Even if discovery were appropriate in this FOIA case—which it is not—discovery at this

2

stage of the case is premature. Discovery in FOIA cases typically does not occur at all. In the rare instances that it does happen, it occurs only *after* the government moves for summary judgment, as only then can courts assess whether there is a factual dispute as to the reasonableness of the government's search for responsive documents.

"A district court has 'broad discretion' in denying discovery in FOIA cases." *Cole v. Rochford*, 285 F. Supp. 3d 73, 77 (D.D.C. 2018). "It is well established that discovery is rare in FOIA cases." *Id.* at 76 (collecting cases); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) (stating "discovery is disfavored" in FOIA actions); *Williams Mullen v. U.S. Army Criminal Investigation Command*, 2011 WL 5870550, at *3 (E.D. Va. Nov. 22, 2011) ("'discovery in FOIA is rare.'" (quoting *Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002))); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). This is because the underlying case revolves around the propriety of revealing certain documents which is a question of law that does not require discovery to resolve. *Thompson v. United States*, 2010 WL 231782, at *2 (E.D. Va. Jan. 19, 2010); *see also Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) ("As a general rule, these and all other FOIA determinations should be resolved on summary judgment.").

"Absent unusual circumstances," discovery in FOIA cases is not appropriate "prior to the government filing a motion for summary judgment explaining the appropriateness of its decision." *Williams Mullen*, 2011 WL 5870550, at *3. In evaluating whether limited discovery is appropriate, "a court typically evaluates an agency's affidavits regarding its search; where such affidavits are 'reasonably detailed' and 'submitted in good faith,' discovery is ordinarily denied." *Cole*, 285 F. Supp. 3d at 77; *see also CareToLive v. FDA*, 631 F.3d 336, 345 (6th Cir. 2011) ("Claims under the [FOIA] are typically resolved without discovery on the basis of the

agency's affidavits."); *Pinson v. U.S. Dep't of Justice*, 55 F. Supp. 3d 80, 82 (D.D.C. 2014). "Because an agency usually submits these affidavits in support of its summary judgment motion, courts generally do not allow discovery in FOIA actions until after the government has moved for summary judgment."  *Id.* (citations omitted); *see also Unrow Human Rights Impact Lit. Clinic v. U.S. Dep't of State*, 2014 WL 12810521, at *1 (D.D.C. July 25, 2014) ("'in the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment'" (quoting *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 22 (D.D.C. 2009))).   In other words, whether a case warrants discovery "is a question of fact that can only be determined *after* the defendants filed their dispositive motion and accompanying affidavits."  *Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) (emphasis added); *see also Thompson v. United States, et al.*, 2010 WL 231782, at *2 (E.D. Va. Jan. 19, 2010) (holding FOIA discovery is "generally limited to fact disputes involving the adequacy of the agency's search and [Vaughn] index."); *Williams Mullen*, 2011 WL 5870550, at *3 (stating discovery in FOIA cases "only appropriate when an agency has not taken adequate steps to uncover responsive documents.") (citation and internal quotation marks omitted).

Additionally, courts are also concerned early discovery may upend FOIA's exemption regime.  "Discovery prior to a court's evaluation of the parties' summary judgment arguments may lead to the disclosure of documents that would otherwise be protected from disclosure by one of the FOIA exemptions[.]"  *Unrow Human Rights*, 2014 WL 12810521, at *1.  Therefore, "'[p]ostponing discovery until the government has submitted its dispositive motion and supporting documents allows the court to obtain information necessary to appropriately limit the scope of discovery or forgo it entirely.'"  *Id.* (quoting *Taylor*, 673 F. Supp. 2d at 23).

Here, NIH has not yet filed their motion for summary judgment and accompanying

affidavits detailing the reasonableness of the search for responsive documents. There is not "sufficient information to determine whether a genuine factual dispute exists" or whether Plaintiff "requires additional facts to oppose the government's motion" for summary judgment. *Cole*, 285 F. Supp. 3d at 78; *see also Murphy*, 490 F. Supp. at 1137 ("in the instant case, the government has yet to file its affidavits. The plaintiff therefore cannot possess the prescience to predict whether a factual issue will emerge."). Respectfully, "the Court cannot determine at this time whether discovery is warranted and, if it is, how it should be limited in scope," and accordingly should vacate the scheduling order and enter the proposed briefing schedule on cross-motions for summary judgment.[1] *Cole*, 285 F. Supp. 3d at 78.

//

---

[1] The proposed schedule requires opening briefs to be filed on or before May 13, 2022; opposition briefs to be filed on or before June 13, 2022; and reply briefs filed on or before June 27, 2022. The parties will contact chambers regarding an appropriate hearing date before filing their opening briefs.

## **CONCLUSION**

Accordingly, NIH respectfully requests that this Court vacate its current scheduling order and enter the proposed briefing schedule on cross-motions for summary judgment.

Dated: March 28, 2022

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:    /s/
MEGHAN LOFTUS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel:    (703) 299-3757
Fax:    (703) 299-3983
Email: meghan.loftus@usdoj.gov

*Counsel for Defendant*