IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 1:21-cv-1275 (LMB/JFA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF
### NATIONAL INSTITUTES OF HEALTH'S MOTION TO VACATE

Plaintiff's Opposition to National Institutes of Health's ("NIH") Motion to Vacate the Scheduling Order fails to demonstrate that it is entitled to pre-summary judgment discovery in this Freedom of Information Act ("FOIA") case. Well-settled case law establishes that discovery in FOIA cases is the exception rather than the rule. And in the *rare* cases where discovery is appropriate—typically upon a plaintiff's showing of bad faith by the government, which Plaintiff has not alleged here (and, indeed, could not) —Plaintiff admits on the first page of its Opposition that such discovery is appropriate only *after* the Court has had an opportunity to review the government's motion for summary judgment. Opp'n (Dkt. 24) at 1. This Court should reject Plaintiff's invitation to overturn precedent regarding the propriety of discovery in FOIA cases, especially where, as here, Plaintiff has put forward no compelling reason for such a sea change.

Before delving into the merits of Plaintiff's Opposition, it is important to understand the context in which NIH provided the declaration of Gorka Garcia-Malene, NIH's FOIA Officer, to Plaintiff. Aware that FOIA cases "should be resolved on summary judgment," *Hanson v. U.S.*

1

*Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004), counsel for NIH asked opposing counsel to meet and confer on a briefing schedule for cross-motions for summary judgment that could be filed simultaneously with NIH's Answer.  *See* Def.'s Br. (Dkt. 20) at 2.  Plaintiff resisted setting a briefing schedule.  Instead, Plaintiff suggested that NIH preview the declaration it intended to use in support of its motion for summary judgment in an effort to either resolve the case without such briefing or to narrow the issues to brief.  *Id.*  NIH's understanding was that Plaintiff would review the declaration and either bring to NIH's attention additional issues that the parties could then negotiate and resolve, or that Plaintiff would be satisfied that NIH had made a good-faith effort to undertake a search reasonably calculated to yield responsive documents and dismiss the case.[1]  NIH provided the declaration to Plaintiff on March 25, 2022.  The only communication NIH has received from Plaintiff regarding the declaration since that date is the notice of electronic filing alerting NIH that Plaintiff had attached the declaration to its Opposition to NIH's Motion to Vacate the Scheduling Order.

      Turning to the merits of that Opposition, Plaintiff concedes that "discovery in FOIA cases typically occurs only after the Government files a motion for summary judgment."  Opp'n (Dkt. 24) at 1 (citing *Williams Mullen v. U.S. Army Criminal Investigation Command*, 2011 WL 5870550, at *3 (E.D. Va. Nov. 22, 2011)).  Nonetheless, Plaintiff argues that the "facts and current procedural posture of this case" require immediate discovery before any summary judgment briefs have been filed.  *Id.* at 2.

      There is nothing unusual about this FOIA case that would merit discovery, let alone discovery *before* NIH has filed its motion for summary judgment.  "Discovery in FOIA cases is

---

[1] NIH's proposed briefing schedule accounts for this process, proposing that opening briefs be filed on or before May 13, 2022.  (Dkt. 19-1).

rare," *Cole v. Copan*, 485 F. Supp. 3d 243, 249 (D.D.C. 2020), and is generally not appropriate "prior to the government filing a motion for summary judgment explaining the appropriateness of its decision," *Williams Mullen*, 2011 WL 5870550, at *3. The government establishes the "appropriateness of its decision" through agency affidavits or declarations explaining the search. *Cole*, 485 F. Supp. 3d at 249. The court then evaluates those affidavits, which are "entitled to a presumption of good faith," and "a court may grant summary judgment based on an affidavit it if contains reasonably specific detail and neither contradictory record evidence nor evidence of bad faith calls it into question." *Id.* When the court believes an affidavit lacks sufficient detail, discovery is almost never the answer. "When an agency's declarations are insufficient to establish an adequate search, courts generally will request that an agency supplement its supporting declarations *instead of* ordering discovery." *Cole*, 485 F. Supp. 3d at 254 (citations and internal quotation marks omitted). "*Limited* discovery is typically only permitted when the agency has acted in bad faith, such as in cases where there has been extreme delay or evidence of wrongdoing." *Id.* (emphasis added).

        Plaintiff has made no such allegations of bad faith or extreme delay here. And, as Plaintiff admits, even in the rare circumstances where discovery is appropriate, it is not permitted until *after* the Court has had an opportunity to review the agency's summary judgment briefing and supporting exhibits. Opp'n at 1. Rather than explain why "the facts and current procedural posture of this case" warrant deviating from the well-accepted rule that discovery is not needed in FOIA cases, Plaintiff's Opposition attempts to argue that discovery is needed *now* to determine the ultimate question in this case—that is, whether NIH's FOIA search was reasonably calculated to produce responsive records. In other words, "what Plaintiff is asking for is discovery to evaluate what he believes to be the insufficiency of the government's response to

3

his FOIA request and the improper withholding of information under FOIA exemptions." *Thompson v. United States*, 2010 WL 231782, at *3 (E.D. Va. Jan. 19, 2010). But these are questions of law that the Court can "properly evaluate" *after* NIH has filed is summary judgment motion. *Id.*

Furthermore, Plaintiff's Opposition prematurely attempts to argue the adequacy of NIH's search, which is clearly inappropriate given the procedural posture of this case. There is no bar on NIH providing additional evidence at summary judgment to address the concerns that Plaintiff raises in its Opposition. Thus, the remedy to the purported defects in NIH's declaration is not carte blanche discovery, but rather supplemental declarations, which NIH can (and will) provide in the context of its summary judgment briefing. *Cole*, 485 F. Supp. 3d at 254.

Plaintiff has failed to make a convincing arugment on why it is entitled to discovery now, before the Court has considered the parties' summary judgment briefs and where there are no allegations of bad faith. This Court should grant NIH's motion, vacate the scheduling order, and enter the briefing schedule proposed by NIH.

Dated: April 6, 2022

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____/s/_____
MEGHAN LOFTUS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel:   (703) 299-3757
Fax:   (703) 299-3983
Email: meghan.loftus@usdoj.gov

*Counsel for Defendant*