IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | Case No. 1:21-cv-1275 (LMB/JFA) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SEAL

For the reasons set forth in detail below, Defendant National Institutes of Health ("NIH"), through undersigned counsel, moves the Court pursuant to Local Civil Rule 5(C), to seal portions of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. 47) and a portion of one of the accompanying exhibits (Exhibit C, Dkt. 47-3).

## BACKGROUND

In this case brought pursuant to the Freedom of Information Act, 5 U.S.C. §§ 551–59 (2018) ("FOIA"), Plaintiff Empower Oversight Whistleblowers & Research seeks documents from the NIH, based on three separate FOIA requests. *See* Am. Compl. (Dkt. 16) ¶¶ 24-27. As a general matter, the requests concern a foreign researcher's submission of COVID-19 genetic sequences, and subsequent request to withdraw those sequences, to the Sequence Read Archive ("SRA"), which is hosted by an NIH component.[1] Def.'s Summ. J. Mem. (Dkt. 37) at 4 (hereafter "Def.'s Mem.").

---

[1] The Sequence Read Archive ("SRA") is the largest publicly-available repository of high throughput sequencing data. SRA, NAT'L LIB. OF MED., NAT'L CTR. FOR BIOTECH. INFO., available at https://www.ncbi.nlm.nih.gov/sra (last accessed June 8, 2022) ("SRA website"). It is hosted by the National Center for Biotechnology Information ("NCBI") at the National Library of Medicine ("NLM"). *Id.*

1

Relevant here, NIH withheld, pursuant to FOIA's personal privacy interests exemption, 5 U.S.C. § 552(b)(6), the names and email addresses of certain NIH employees, as well as the foreign researcher whose data is at the center of Plaintiff's request. *Id.* at 25-29.

NIH has moved for summary judgment. Relevant here, it argued that the names and email address of certain NIH employees and the foreign researcher were properly withheld under Exemption 6 to FOIA because release would be a "clearly unwarranted invasion of privacy." Def.'s Mem. at 25 (citing *Solers v. Internal Revenue Serv.*, 827 F.3d 323, 332 (Fourth Circ. 2016)). There is no public interest in these names, as neither "'would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.'" *Id.* (quoting *Solers*, 827 F.3d at 332). Conversely, substantial privacy interests, like "'avoiding embarrassment, retaliation or harassment and intense scrutiny by the media that would likely follow disclosure'" favored withholding the names. *Id.* (quoting *Judicial Watch, Inc. v. U.S. Dep't of State*, 875 F. Supp. 2d 37, 46 (D.D.C. 2012)).

While reading Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. 41), NIH learned for the first time that it inadvertently failed to redact two names it had otherwise redacted elsewhere in its productions to Plaintiff. In its Opposition, Plaintiff appears to argue that NIH has waived the protections of Exemption 6 by this inadvertent disclosure. Opp'n at 25. The Opposition and Exhibit C (Dkt. 41-3) specifically states, without redaction, the two names—the SRA curator and the foreign researcher.

However, NIH's motion for summary judgment is still pending. This means Judge Brinkema has not yet ruled on whether NIH appropriately applied Exemption 6 to shield these

names from disclosure. Accordingly, NIH moves to seal the portions of Plaintiff's Opposition and Exhibit C that contain these names.[2]

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Likewise, litigants can overcome the First Amendment right of public access to documents by showing that "denial of access [is] . . . necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Before ordering the sealing of documents, a court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.*; *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). This Court has incorporated these "*Ashcraft* factors" into its local rules. *See* LOC. CIV. R. 5.[3]

---

[2] NIH seeks to seal these materials unless and until Judge Brinkema determines that this information is subject to disclosure, at which point NIH concedes this Court must revisit this issue.

[3] Local Rule 5(C) requires that the party moving to seal documents provide:

> (1) [a] non-confidential description of what is to be sealed; (2) [a] statement as to why sealing is necessary, and why another procedure will not suffice; (3) [r]eferences to governing case law; and (4) [u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

NIH respectfully submits that all relevant standards, as well as the *Ashcraft* factors, are satisfied by the circumstances presented here, and there is a "compelling government interest" that outweighs the presumption of public access to portions of the Opposition and Exhibit C. *Rushford*, 846 F.2d at 253. First, by filing this public memorandum, Defendant has complied with the first *Ashcraft* factor, which requires public notice and opportunity to comment. Plaintiff, who opposes this motion, therefore has an opportunity to raise its objections with the Court.

Second, the materials should be sealed here unless and until Judge Brinkema finds the information should be disclosed. NIH withheld the names of the SRA curator and the foreign researcher who submitted the sequences, and then requested withdrawal, pursuant to 5 U.S.C. § 552(b)(6). Known as "Exemption 6," this statutory provision safeguards from disclosure under FOIA "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6). As detailed in NIH's summary judgment brief, disclosure of these names does not reveal anything about how NIH operates, *i.e.*, there is no public interest in learning these names. Def.'s Mem. at 26, 28-30. Conversely, the individuals have a substantial privacy interest in avoiding harassment or media scrutiny that would likely follow disclosure. *Id.* at 27-28, 30.

NIH inadvertently failed to redact the two names at issue on at least one page of its FOIA productions to Plaintiff.[4] In opposing NIH's summary judgment motion, Plaintiff appears to argue that NIH has waived the protections of Exemption 6 because of this mistake. Opp'n at 25. That is

---

The rule also provides that the moving party must provide a proposed order reciting "the findings required by governing case law to support the proposed sealing." *Id.*

[4] NIH is reviewing whether other materials leave unredacted the two names at issue. To its knowledge, the only instances of the names appearing on the public docket are on one page of Plaintiff's Opposition and on one page of Exhibit C.

incorrect. "[A]n agency's inadvertent disclosure of individual names and other [personally identifiable information] rarely waives privacy interests under Exemption 6 because those interests belong to the individuals, not to the agency." *Amiri v. Nat'l Sci. Found.*, 2021 WL 4438910, at *8 (D.D.C. Sept. 28, 2021), *aff'd*, 2022 WL 1279740 (D.C. Cir. Apr. 28, 2022); *see also Bartko v. U.S. Dep't of Justice*, 167 F. Supp. 3d 55, 68 (D.D.C. 2016) (same, with respect to Exemption 7(C)). Plaintiff has put forward no evidence that either individual has waived their privacy interests here. Sealing is therefore necessary to protect this information from any further public dissemination, beyond that which the Opposition and Exhibit C have already caused. This is the least drastic means available, in that NIH seeks only to redact the small portions of Plaintiff's Opposition and Exhibit C that reveal the withheld information. Accordingly, NIH has met its burden to demonstrate sealing is appropriate here. The Court should maintain the status quo and seal the portions of Plaintiff's Opposition and Exhibit C that reference these names, pending a summary judgment ruling from Judge Brinkema requiring disclosure of these names.

## CONCLUSION

For the foregoing reasons, NIH respectfully requests that the Court grants its motion to seal.

Dated: July 15, 2022

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:_____/s/_____
MEGHAN LOFTUS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel:   (703) 299-3757
Fax:   (703) 299-3983
Email: meghan.loftus@usdoj.gov

*Counsel for Defendant*