IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT<br>  WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   1:21-cv-1275 (LMB/JFA)<br>)<br>)<br>)<br>)<br>) |

ORDER

Plaintiff Empower Oversight Whistleblowers & Research ("plaintiff" or "Empower Oversight") filed this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel defendant National Institutes of Health ("NIH") to disclose documents related to the submission and subsequent removal of certain COVID-19 sequences from NIH's Sequence Read Archive ("SRA"). After making two productions, NIH filed a Motion for Summary Judgment on June 10, 2022, arguing that its productions were the result of searches reasonably calculated to lead to responsive records, and that it properly redacted information in those productions pursuant to 5 U.S.C. § 552(b)(5) ("Exemption 5"), which encompasses the deliberative process and attorney-client privileges, and 5 U.S.C. § 552(b)(6) ("Exemption 6"), which protects against unwarranted invasions of personal privacy. [Dkt. No. 36]. After the motion was fully briefed, a hearing was held on August 12, 2022, during which the Court ordered NIH to specify which of the 27 components of NIH were searched for the second production, and to produce unredacted versions of Exhibits A-D, which were attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, for in camera review. [Dkt. No. 41, 56]. Those exhibits reflect the matters that were not disclosed. NIH has complied with that Order and the Court has reviewed

all the withheld information. As a result, the Court is satisfied that NIH conducted adequate searches and, with three exceptions for which more information is needed, properly withheld information under Exemptions 5 and 6.

As to the adequacy of the searches, the Court finds that NIH carried its burden of showing that its searches were "reasonably calculated to uncover all relevant documents." Rein v. U.S. Pat. & Trademark Off., 553 F.3d 353, 362 (4th Cir. 2009) (quoting Ethyl Corp. v. U.S. Env't Prot. Agency, 25 F.3d 1241, 1246-47 (4th Cir. 1994)). NIH submitted three declarations from Gorka Garcia-Malene, the FOIA Officer for NIH, describing the specific process NIH used to review and respond to each one of plaintiff's three FOIA requests. The second supplemental declaration, which was submitted in response to the Court's August 12 Order, gives a clear explanation of which NIH components were searched for the second production. It also explains that it "did not search other centers within NIH," such as the National Eye Institute, National Institute of Dental and Craniofacial Research, or National Institute of Mental Health, "because those other centers were not likely to have [responsive] records . . . ." [Dkt. No. 57-1] at 10. Because "a 'reasonably calculated search' does not require that an agency search every file where a document could possibly exist," the Court finds that explanation reasonable. See Rein, 553 F.3d at 364.

As to Exemption 5, NIH claimed that the material it withheld from Exhibits A-D under the deliberative process privilege fell into three categories: (1) "advice on responding to public inquiries about the data withdrawal from SRA"; (2) "draft Congressional correspondence and strategy on the same"; and (3) "draft documents about future agency action." [Dkt. No. 37] at 19. In its Opposition to Defendant's Motion for Summary Judgment, plaintiff objected to those redactions; however, having reviewed the unredacted versions of Exhibits A-D in camera, the

2

Court is satisfied that NIH properly applied Exemption 5, with one exception: the redactions to the "Status" column in Exhibit D (bates numbers 00042-43). The redacted information appears to be purely a factual description of the review procedure before responding to the public inquiries from various members of Congress identified in the "From," "Incoming Date," and "Subject" columns in that document. The Fourth Circuit has ruled that "purely factual material does not fall within the exemption unless it is inextricably intertwined with policymaking processes such that revelation of the factual material would simultaneously expose protected deliberation." Solers, Inc. v. Internal Revenue Serv., 827 F.3d 323, 330 (4th Cir. 2016) (quoting City of Virginia Beach v. U.S. Dep't of Commerce, 995 F.2d 1247, 1253 (4th Cir. 1993)). NIH has not explained how the redacted information in the "status" column exposes the contents of any protected deliberations. Or to frame the question in terms of the purpose of Exemption 5, how would revealing this factual information chill the "frank discussion of legal or policy matters"? See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975). Because this redaction has not been adequately justified, NIH will be required to further explain the basis, if any, for it.

As to Exemption 6, the key issue seems to be whether the NIH properly withheld the names of the researcher who requested the genetic data at issue be removed and the NIH curator who handled the request. To resolve that issue, the Court must consider whether the privacy interest of these two people in avoiding scrutiny and possible harassment outweighs the public's interest in disclosure. See Jud. Watch, Inc. v. U.S. Dep't of State, 875 F. Supp. 2d 37, 46-47 (D.D.C. 2012). Plaintiff persuasively argues that there is little privacy interest left in the researcher's and curator's names, because they have already been made public and were included in an October 12, 2021 email to NIH from a third party, Dr. Jesse Bloom, in which Dr. Bloom referenced their names. That email was produced to plaintiffs with the researcher's and curator's

names unredacted. See [Dkt. No. 41-3] at 00625; [Dkt. No. 50]. Because these identities were known by Dr. Bloom, were not redacted in defendant's production, and there being no evidence of the curator or researcher being harassed as a result of the disclosure, the balance heavily weighs in favor of disclosure. Accordingly, NIH will be given one further opportunity to explain any basis for these redactions.

Plaintiff also objects to the redaction of Dr. Francis Collins's NIH email address under Exemption 6, because he is no longer at NIH and therefore can no longer be subjected to harassing emails if his former email address were revealed. Generally, courts allow agencies to redact email addresses of current government employees, particularly when the names associated with those email addresses are already disclosed, as they are here, because disclosure would not "shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." See, e.g., Shurtleff v. U.S. Env't Prot. Agency, 991 F. Supp. 2d 1, 18-19 (D.D.C. 2013) (quoting U.S. Dep't of Def. v. Fed. Labor Rels. Auth., 510 U.S. 487, 497 (1994)). Although it is less clear whether the email addresses of former employees can be protected, the Court is satisfied that they should be in this case. Although Dr. Collins is a former employee, the format of his official NIH email address is likely a common format for all NIH employees. If NIH disclosed Dr. Collins' email address, "a keen observer could piece together" the format of Dr. Collins' username with the names of current NIH employees, which are not redacted in the productions, to ascertain the full email addresses of current NIH employees and potentially send them harassing emails. See Judicial Watch, Inc. v. U.S. Dep't of State, No. 15-0688, 2017 WL 456417, at *11 (D.D.C. Feb. 2, 2017) (withholding information where a "keen observer could piece together the redacted documents to ascertain the full email addresses"). More importantly, as NIH points out, plaintiff has not identified any public benefit from this

disclosure that would outweigh this foreseeable harm. Accordingly, the email addresses have properly been redacted.

Finally, there is one remaining issue the NIH needs to resolve. Exhibit A contains a fully redacted email chain (bates number 00175); however, the exact same email chain appears to have been produced without redactions (bates number 00230). NIH needs to explain why the first document is redacted.

For all these reasons, defendant's Motion for Summary Judgment [Dkt. No. 36] is GRANTED IN PART, except for the open questions discussed above, and it is hereby

ORDERED that a hearing be and is SCHEDULED for Friday, September 16, 2022 at 10:00 am, at which NIH will be required to respond to these questions.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 9th day of September, 2022.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge