# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) No. 1:21-CV-1275-LMB/JFA |

**CONSENT MOTION FOR ENTRY OF JUDGMENT**

Under Federal Rule of Civil Procedure 58, Plaintiff Empower Oversight respectfully moves this Court for entry of judgment.

Rule 58 states that the judgment "must be set out in a separate document." Fed. R. Civ. P. 58(a)  There are five exceptions, but none apply here.  The rule also states a "party may request" that the Court issue the judgment "in a separate document as required by Rule 58(a)."  Fed. R. Civ. P. 58(d).  Empower Oversight contacted government counsel, and Defendant National Institutes of Health consents to this motion.  Empower Oversight accordingly requests that the Court enter judgment in a separate document in accord with Rule 58.

The Court previously issued two orders.  First, on September 9, 2022, the Court held that the NIH carried its burden of showing that the agency had conducted searches in compliance with the Freedom of Information Act.  *See* Dkt. 58 (addressing Count II).  The Court thus granted in part the NIH's motion for summary judgment. *See id.* (Order at 5).  In the same order, the Court required the NIH "to further explain" certain redactions that the agency made under 5 U.S.C. § 552(b)(5).  *See id.* (Order at 3).  And the Court scheduled a hearing for the parties to address the issues that it identified in the order.

After the hearing, the Court entered a second order. *See* Dkt. No. 62. The Court held that the NIH had not carried its burden to provide an adequate basis to redact "the 'Status' column in Exhibit D, and the names of the curator and researcher previously disclosed." *Id.* (Order at 1). The Court therefore "sustained" Empower Oversight's objections to those redactions. *Id.* (granting relief under Count III). The Court further held that, although the NIH "failed to comply with the time limits set out in the Freedom of Information Act, 5 U.S.C. § 552(a)(6), plaintiff's request for a judgment in its favor on Count I of the complaint is DENIED because the defendant did not act in bad faith and explained it had worked with plaintiff's former counsel to arrange for production schedules." *Id.* (Order at 1–2 addressing Count I).

\* \* \*

The Court has not yet entered "a separate document" for the judgment. Fed. R. Civ. P. 58(a). For the foregoing reasons, Empower Oversight respectfully requests that the Court issue the judgment. *See* Fed. R. Civ. P. 58(d).

Respectfully submitted,

 */s/ Jeffrey S. Beelaert*
Jeffrey S. Beelaert (VSB No. 81852)
Stein Mitchell Beato & Missner LLP
901 15th Street NW, Suite 700
Washington, DC 20005
Tel:   (202) 661-0923
Fax:   (202) 296-8312
Email: jbeelaert@steinmitchell.com

*Attorney for Plaintiff Empower Oversight*

November 8, 2022

## CERTIFICATE OF SERVICE

      I certify that, on November 8, 2022, I electronically filed the foregoing motion with the Court using the CM/ECF system, which automatically sends an electronic notification of the filing. All parties are registered users of the system, so they will receive that notification.

      <u> / s/  Jeffrey S. Beelaert</u>
      Jeffrey S. Beelaert (VSB No. 81852)
      Stein Mitchell Beato & Missner LLP
      901 15th Street NW, Suite 700
      Washington, DC 20005
      Tel:   (202) 661-0923
      Fax:   (202) 296-8312
      Email: jbeelaert@steinmitchell.com

      *Attorney for Plaintiff Empower Oversight*